IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HERMAN PATTERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-738-HE |
| | ) |
| MARVIN VAUGHN, WARDEN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

# REPORT AND RECOMMENDATION

Herman Patterson is a state prisoner who claims that the Oklahoma Department of Corrections is improperly administering his sentences.[1] The Respondents move for dismissal or denial of the petition, arguing in part that the claims are unexhausted.[2] For this type of claim, Mr. Patterson must exhaust remedies that may be available in state court. He has not pursued the state-habeas remedy, and the Court faces a threshold question: Does the Petitioner still have a possible remedy in state court?

The answer is *yes*. Mr. Patterson still has an available state-court remedy involving a writ of habeas corpus. As a result, the Court should grant the Respondents' motion to dismiss.

---

[1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 4-12 (June 28, 2012).

[2] Respondent's Motion to Dismiss Writ of Habeas Corpus and Brief in Support at ECF pp. 4-7 (Aug. 17, 2012).

I.   The Exhaustion Requirement

Mr. Patterson filed the petition under 28 U.S.C. § 2254. But this section addresses challenges to the validity of a conviction or sentence while the present action involves execution of the prison term and is governed by Section 2241 rather than 2254.[3]

Under the federal common law, exhaustion of state court remedies is required in actions based on Section 2241.[4] A petitioner may satisfy the exhaustion requirement by:

- properly presenting the claim to the state appellate court[5] or

- showing that there wasn't a state-court remedy available when he began the habeas action.[6]

II.  Mr. Patterson's Filings in State Court

This burden requires the Court to determine if Mr. Patterson has properly presented the claims to the state appeals court. He hasn't.

The Respondents argue that the Petitioner has two potential remedies in state court: a writ of mandamus and a writ of habeas corpus. Mandamus is an available remedy, but the Court has no way of knowing whether it would address Mr. Patterson's complaint about the

---

[3]   *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." (citations omitted)).

[4]   *E.g.*, *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).

[5]   *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1535 (10th Cir. 1994).

[6]   *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

administration of his sentences. Even if it wouldn't, however, the state-habeas remedy would be available and would fit the claim being asserted here.

      A.      <u>The Respondents' Reliance on the Availability of a Mandamus Remedy</u>

Mr. Patterson says that he had filed an application in state district court for a *nunc-pro-tunc* order.[7] The state district court never ruled on the motion, and Mr. Patterson tried to compel a ruling through a mandamus action in the Oklahoma Court of Criminal Appeals. That court declined jurisdiction because Mr. Patterson did not give notice to the adverse party.[8]

The Respondents argue that the Petitioner could refile the mandamus petition and give notice. The Respondents are right. But, if the state appeals court required the district court to rule on the application for a *nunc-pro-tunc* order, what would be the result? The answer depends on what Mr. Patterson is seeking in the application for a *nunc-pro-tunc* order. The Court has no way of knowing what he is wanting.

The reason is the parties don't supply the application for a *nunc-pro-tunc* order. Mr. Patterson says that in the application, he had claimed breach of a plea agreement by prison authorities. But, he doesn't say what he is wanting the court to do in the *nunc-pro-tunc* order.

---

[7]    Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 2-3 (June 28, 2012).

[8]    Order Declining Jurisdiction, *Patterson v. State*, Case No. MA-2012-460 (Okla. Crim. App. June 22, 2012).

Mandamus could lead to an order requiring the state district judge to decide on Mr. Patterson's application for a *nunc-pro-tunc* order. But, without knowing what he is wanting in that order, the federal district court has no way of knowing whether mandamus could lead to a remedy on the claim asserted here.

B.    <u>The Availability of a State-Habeas Remedy</u>

The same is not true of the state-habeas remedy. This remedy is available and fits Mr. Patterson's present claim.

Oklahoma law authorizes a writ of habeas corpus to challenge "the cause of the restraint."[9] Mr. Patterson recognizes the availability of this writ in Oklahoma and argues that it is the sole remedy in the state for an attack on the length of confinement.[10] He is correct, but the availability of this remedy in state court requires dismissal.

In Oklahoma, a habeas petitioner must show an entitlement to immediate release.[11] In the habeas petition filed here, Mr. Patterson claims that he would have been entitled to release on June 11, 2012 (seventeen days before he began the present action).[12] Thus, the

---

[9]  Okla. Stat. tit. 12 § 1331 (2011).

[10]  Petitioner's Response to the Respondent(s) Motion to Dismiss Petitioner's Writ of Habeas Corpus at ECF p. 10 (Aug. 28, 2012).

[11]  *See Ochoa v. Bass*, 181 P.3d 727, 730 (Okla. Crim. App. 2008) ("a writ of habeas corpus requires a petitioner to establish that he is unlawfully confined and entitled to immediate release" (citing Rule 10.6(C)(1), Rules of the Oklahoma Court of Criminal Appeals and *Berryhill v. State*, 43 P.3d 410, 411 (Okla. Crim. App. 2002))).

[12]  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 5-6, 12, 14 (June 28, 2012).

state-habeas remedy would have been available to Mr. Patterson when he brought the present action. Nonetheless, he does not suggest any effort to pursue that remedy.

Ordinarily, the present claim would be considered unexhausted because of Mr. Patterson's failure to pursue the state-habeas remedy.[13] But Mr. Patterson could satisfy the exhaustion requirement by showing that he no longer had a state-court remedy when he began the present action.[14] He can't satisfy that burden. As noted above, Mr. Patterson can still file a petition for state habeas relief;[15] and the availability of that remedy requires dismissal unless he had already exhausted the claim in state court.

III.   Exhaustion Through the Post-Conviction Proceedings?

The Petitioner argues that he had advanced his present claims in state post-conviction proceedings.[16] However, those proceedings involved different claims.

In the present action the Petitioner alleges that because all of his sentences were to run concurrently, he should have obtained release when the controlling sentence ended (on June 11, 2012).[17] In the post-conviction proceedings, Mr. Patterson claimed that "his current sentence [was] void because two of the prior convictions relied upon by the State for

---

[13]   *See supra* p. 2.

[14]   *See supra* p. 2.

[15]   *See supra* p. 4.

[16]   Petitioner's Response to the Respondent(s) Motion to Dismiss Petitioner's Writ of Habeas Corpus at ECF p. 5 (Aug. 28, 2012).

[17]   *See supra* p. 4 & note 12.

sentence enhancement were illegally suspended sentences."[18] That claim was not renewed in the present action. Thus, the post-conviction proceedings do not affect exhaustion of Mr. Patterson's current claims.

IV.     Exhaustion Through the Mandamus Action?

Mr. Patterson also argues that he had exhausted "administrative remedies" by filing the mandamus petition.[19] As discussed above, the Court should dismiss the habeas action based on a failure to exhaust remedies available in state court.[20] This ruling would not involve remedies in any administrative body. For the sake of argument, the Court can assume that Mr. Patterson had intended to argue that he had exhausted judicial remedies (rather than administrative remedies). Even with this assumption, the Petitioner's argument would be invalid.

Exhaustion takes place only when the claim is properly presented to the state's highest court.[21] The OCCA didn't believe the mandamus petition had been properly filed because of a failure to notify the adversary.[22]

---

[18]   Petitioner's Response to the Respondent(s) Motion to Dismiss Petitioner's Writ of Habeas Corpus, Exh. F at pp. 1-2 (Aug. 28, 2012).

[19]   Objection to the Joinder by Respondent(s) Selmon, Waggoner, Godwin. Supplemental Response at ECF p. 15 (Oct. 15, 2012).

[20]   *See supra* pp. 2-6.

[21]   *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534-35 (10th Cir. 1994).

[22]   *See supra* p. 3 & note 8.

This determination was correct. OCCA Rule 10.3 provides: "No petition for extraordinary relief shall be heard without notice to the adverse party. The petition for extraordinary relief and brief in support shall reflect service on the adverse party or parties."[23] The mandamus petition didn't reflect such service because Mr. Patterson left the *certificate of service* blank.[24] Because the mandamus petition was not properly filed, the state courts could not give relief to Mr. Patterson.

V.   Recharacterization of the Action?

In a response brief, Mr. Patterson suggests that the court should recharacterize the action as a complaint under 42 U.S.C. § 1983.[25] In the same document, however, Mr. Patterson states that "habeas corpus is the only remedy for relief sought in this matter."[26] In light of the conflicting statements, the Court should decline to recharacterize the action. The suggested ruling would not prevent filing of a Section 1983 action, and recharacterization could disadvantage Mr. Patterson because he would need to pay a second filing fee of $350.[27]

---

[23]   Rule 10.3, Rules of the Oklahoma Court of Criminal Appeals.

[24]   Mandamus Petition at p. 8, *Patterson v. State*, Case No. MA-2012-460 (Okla. Crim. App. May 23, 2012).

[25]   Objection to the Joinder by Respondent(s) Selmon, Waggoner, Godwin. Supplemental Response at ECF p. 17 (Oct. 15, 2012).

[26]   Objection to the Joinder by Respondent(s) Selmon, Waggoner, Godwin. Supplemental Response at ECF p. 20 (Oct. 15, 2012).

[27]   *See* 28 U.S.C. § 1914(a) (2006).

VI.    Dismissal With or Without Prejudice?

A dismissal can be with or without prejudice. When the petitioner fails to exhaust state-court remedies, the Court should generally make the dismissal without prejudice.[28] The Court should apply the general rule here and make the dismissal without prejudice.

VII.    Notice of the Right to Object

The parties can object to the present report. Any such objection must be filed with the Clerk of this Court by November 15, 2012.[29] The failure to timely object could prevent appellate review of the proposed ruling.[30]

VIII.    Status of the Referral

The referral is not discharged.

Entered this 29th day of October, 2012.

                        _____
                        Robert E. Bacharach
                        United States Magistrate Judge

---

[28] *See Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997) ("Generally, when a habeas petitioner has failed to exhaust his state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." (citations omitted)).

[29] *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (West 2011 supp.).

[30] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).